IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VON MERTA,<br><br>            Plaintiff,<br>      v.<br><br>ALLSTATE LIFE INSURANCE COMPANY,<br><br>            Defendant                              / | No. C 12-4125 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is defendant Allstate Life Insurance Company's ("ALIC") "Motion to Dismiss First Amended Class Action Complaint and Motion to Strike," filed October 2, 2012. Plaintiff Robert Von Merta ("Von Merta") has filed opposition, to which ALIC has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

Von Merta filed this purported class action on August 6, 2012. In his First Amended Complaint ("FAC"), filed September 20, 2012, Von Merta alleges ALIC sold his mother ("Mrs. Von Merta") a deferred annuity[2] (Certificate Number ALL0170460) in June 2006, at

---

[1] By order filed November 7, 2012, the Court vacated the hearing noticed for November 9, 2012 and took the matter under submission.

[2] As alleged in the FAC, "[a]n annuity is a contract between an annuitant and an insurance company pursuant to which the annuitant makes an upfront lump-sum payment or a series of payments to the insurance company[;] [t]he insurance company, in turn,

1  which time she was 74 years old.[3]  (See FAC ¶ 32.)  As alleged in the FAC, "[t]he annuity that Mrs. Von Merta purchased would not mature until October 2021, meaning that Mrs. Von Merta would not receive any payments on the annuity until she was 89 years old, and if she attempted to surrender the policy before she turned 89, she would have to pay surrender charges as high as 12.6% for the first year."  (See FAC ¶ 33 (emphasis omitted).)  Von Merta further alleges that ALIC, in issuing the annuity, did not comply with the disclosure requirements of sections 10127.10(c) and 10127.13 of the California Insurance Code.  (See FAC ¶¶ 25-26.)

Based on the above, Von Merta filed his FAC, alleging therein two cause of action: (1) violation of California Business & Professions Code section 17200, et seq.; and (2) violation of California Welfare & Institutions Code section 15600, et seq.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In determining whether a claim has facial plausibility, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See id. at 1950 (internal quotation and citation omitted).

Generally, a district court, in ruling on a Rule 12(b)(6) motion, may not consider any material beyond the complaint.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Documents whose contents are alleged in the complaint, and whose authenticity no party questions, but which are not physically attached to the pleading, however, may be considered.  See Branch v. Tunnell, 14 F.3d 449, 454

---

agrees to make payments to the annuitant over a period of time."  (See FAC ¶ 14.)

[3] Von Merta alleges he is the sole beneficiary of the annuity and is "authorized to act and pursue claims on behalf of Mrs. Von Merta as surviving heir, son, personal representative, administrator, and 'successor in interest,' pursuant to California Code of Civil Procedure § 377.30, 377.32, and 377.60(a) . . . ."  (See FAC ¶ 10.)

(9th Cir. 1994). In addition, a district court may consider any document "the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," regardless of whether the document is referenced in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998). Finally, the Court may consider matters that are subject to judicial notice. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

**DISCUSSION**

ALIC argues the FAC is subject to dismissal for the reason that each count therein is derivative of ALIC's alleged violations of California Insurance Code sections 10127.10(c) and 10127.13, which are applicable only to individual annuity contracts. See Cal. Ins. Code § 10127.10(c) (requiring certain disclosures in "individual annuity contract[s]"); § 10127.13 (same). Because the annuity purchased by Mrs. Von Merta is a "group annuity master policy," ALIC argues, it is not subject to California Insurance Code sections 10127.10(c) and 10127.13. (See Mot. at 7:21). The Court agrees.

An annuity falls within the definition of insurance under California law. See Cal. Ins. Code § 101 ("Life insurance includes insurance upon the lives of persons or appertaining thereto, and the granting, purchasing, or disposing of annuities."). An individual insurance policy is one "which cover[s] only a named person or persons and which [is] *underwritten individually*." See H. Walter Croskey, et al., Cal. Prac. Guide: Ins. Lit. (2012) ¶ 1.32 (emphasis in original) (explaining "the risk is assessed based on information provided in the insurance application and acquired from other sources during the underwriting process regarding the particular property and/or person involved"); see, e.g., United Fid. Life Ins. Co. v. Emert, 49 Cal. App. 4th 941, 943 (1996) (noting defendant, in applying for "individual life insurance policy," concealed relevant medical information "on the application"). A group policy, by contrast, is "underwritten on a group basis, rather than individually," and "the contract itself (the 'master policy') is issued to a group representative," with certificates then "issued to each individual member of the group". See Cal. Prac. Guide: Ins. Lit. ¶ 1.36; see, e.g., Williams v. Am. Cas. Co., 6 Cal. 3d 266, 269 (1971) (noting defendant "issued to

[decedent's former employer] a master insurance policy . . ., providing group insurance benefits for named beneficiaries in the event of accidental death or dismemberment of insured . . . employees").

Here, ALIC issued to Mrs. Von Merta a "Registered Single Premium Deferred Annuity Certificate," which provides:

> This Certificate is issued according to the terms of Master Policy Number 64895022 issued by Allstate Life Insurance Company to the Trustee of the Allstate Life Financial Services Group Insurance Trust. The Trustee of the Allstate Life Financial Services Group Insurance Trust is called the Master Policyholder.

(See Saldana Dec. Ex. A. at 6.)[4] The Certificate further provides, "The entire contract consists of this Certificate, the Master Policy, the Master Policy application, the annuity data page, any written applications, and any Certificate endorsements and riders." (See id. at 19.) The plain language of the Certificate thus establishes that the subject annuity is not an individual annuity contract but rather a group annuity. See, e.g., Cal. Prac. Guide: Ins. Lit. ¶ 6:1301 (noting members of insured group under group policy "merely receive a 'certificate' of coverage and/or a brochure outlining the benefits under the master policy"); see also Solomon v. N. Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1134 (9th Cir. 1998) (noting "trust . . . was issued a group term life insurance policy," after which plaintiff's decedent was "provided with a certificate of insurance evidencing his coverage under the master policy").

Von Merta's sole argument that the annuity at issue is an individual annuity contract relies on various provisions of the California Insurance Code that limit the types of group life insurance that may be issued in California. (See Opp. at 6-7 (citing Cal. Ins. Code §§ 10201, 10202, 10202.5, 10202.8, 10203, 10203.1, 10203.2, 10203.5, 10203.7, 10203.8, 10203.10, 10204.5). In particular, according to Von Merta, because the "putative group

---

[4] Von Merta objects to the Court's consideration of said exhibit on the asserted ground that "facts outside of the complaint should not be considered at this stage of the proceedings." (See Opp. at 4 n.4.) The FAC, however, cites repeatedly to the contents of the Certificate (see, e.g., FAC ¶¶ 23, 28, 32-33), and Von Merta, in his opposition, does not dispute the authenticity of the proffered exhibit as the annuity here at issue. Accordingly, the objection is hereby OVERRULED. (See Branch, 14 F.3d at 454.)

4

annuity policy issued here does not fall under any of the above categories," the subject annuity is not a "group annuity under California law and is therefore an individual annuity subject to the requirements of Sections 10127.10 and 10127.13." (See Opp. at 7:17-21.) The subject annuity, however, was not issued in California. Rather, it was issued in Illinois. (See Saldana Dec. Ex. A at 6. ("This Certificate is issued in the State of Illinois and is governed by Illinois law.").) Von Merta cites to no statutory or case authority, nor has the Court located any such authority, providing that California law limiting the types of group insurance policies that may be issued in California governs the types of group policies that may be issued in other states.

Accordingly, the Court finds Mrs. Von Merta purchased an annuity under a group master policy, not an "individual annuity contract," and, consequently, sections 10127.10(c)(c) and 10127.13 of the California Insurance Code are not applicable thereto.[5]

## CONCLUSION

For the reasons stated above, ALIC's motion to dismiss is hereby GRANTED and the FAC is hereby DISMISSED with leave to amend. Von Merta's Second Amended Complaint, if any, shall be filed no later than December 14, 2012.

**IT IS SO ORDERED.**

Dated: November 14, 2012

MAXINE M. CHESNEY
United States District Judge

---

[5] In light of such ruling, the Court does not address herein ALIC's alternative arguments in support of dismissal.

5